16-3620-bk
*Bais Din v. Congregation Birchos Yosef*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of November, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                  *Chief Judge*,
            RAYMOND J. LOHIER, JR.,
            CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

_____

In re: CONGREGATION BIRCHOS YOSEF

          *Debtor*,
_____

BAIS DIN OF MECHON L'HOYROA,

          *Appellant*,
          v.                                              No. 16-3620-bk

CONGREGATION BIRCHOS YOSEF,

          *Debtor-Appellee*.
_____

FOR APPELLANT:           Y. DAVID SCHARF (Joseph T. Moldovan, *on the brief*),
                         Morrison Cohen LLP, New York, NY.

FOR DEBTOR-APPELLEE:     MICHAEL LEVINE, Levine & Associates, P.C., Scarsdale, NY.
_____

1

Appeal from the judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bais Din of Mechon L'Hoyroa ("the Bais Din") appeals from a judgment of the Southern District of New York (Seibel, *J.*) entered October 20, 2016, dismissing the Bais Din's appeal from a bankruptcy court order enforcing the Bankruptcy Code's automatic stay, 11 U.S.C. § 362(a). We assume the parties' familiarity with the underlying facts, the history of the case, and the issues on appeal.

The bankruptcy court's order declared that certain defendants in adversary proceedings brought by Congregation Birchos Yosef had violated the automatic stay by initiating proceedings in the Bais Din, a rabbinical court, after the automatic stay went into effect, and it held those defendants in contempt. The bankruptcy court further ordered that decrees issued by the Bais Din in furtherance of those rabbinical proceedings, which violated the stay, were void *ab initio* and of no force or effect. The Bais Din, which was not a party in the adversary proceeding, appealed the bankruptcy court's order to the district court, arguing that the order violated the Free Exercise Clause and the Religious Freedom Restoration Act. Following supplemental briefing on the question of standing, the district court dismissed the appeal for lack of jurisdiction, finding that the Bais Din did not have standing to appeal the bankruptcy court's order. This appeal followed.

"When reviewing [a] dismissal . . . for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo* . . . ." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). The Bais Din, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Although "[t]he current Bankruptcy Code prescribes no limits on standing beyond those implicit in Article III of the United States Constitution[,] . . . . this Court and others have 'adopted the general rule, loosely modeled on the former Bankruptcy Act, that in order to have standing to appeal from a bankruptcy court ruling, an appellant must be "a person aggrieved"—a person "directly and adversely affected pecuniarily" by the challenged order of the bankruptcy court.'" *DISH Network Corp. v. DBSD N. Am., Inc. (In re DBSD N. Am., Inc.)*, 634 F.3d 79, 88–89 (2d Cir. 2011) (quoting *Int'l Trade Admin. v. Rensselaer Polytechnic Inst.,* 936 F.2d 744, 747 (2d Cir. 1991)). This standard "reflect[s] the understandable concern that if appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order." *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 642 (2d Cir. 1988).

As the district court correctly concluded, the Bais Din failed to demonstrate that it suffered a pecuniary harm. Quite the opposite, the Bais Din did not even allege a pecuniary harm before the district court, claiming instead that the automatic stay inhibited the free exercise of religion by "preventing the Bais Din from issuing notices to or against" individuals who violate Jewish law's prohibition on initiating proceedings in secular courts without prior permission from a rabbinical court. Whatever the merits of that claim, it does not reflect a pecuniary injury. Moreover, to the extent that the Bais Din seeks to vindicate a non-pecuniary injury, nothing in this or the district court's opinion prevents it from filing a civil action.

The Bais Din's alternative theories of standing were not raised before the district court, and so they have been forfeited. *Bogle-Assegai v. Connecticut,* 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration in original) (citation omitted)).

Accordingly, we **AFFIRM** the district court's dismissal of the Bais Din's appeal for lack of standing without considering the merits of the Bais Din's underlying claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk